Ulysse Guillory was convicted of larceny, and he appeals. Reversed.

M. H. Thompson, for appellant. Walter Guion, Atty. Gen., R. Lee Garland, Dist. Atty., and R. G. Pleasant, Asst. Atty. Gen., for the State.

BREAUX, C. J. The defendant is charged with having stolen a cow.

The law and the facts are similar to those in No. 18,561, decision handed down this day (ante, p. 951, 54 South. 297).

The only difference is that the cow charged to have been stolen is a different cow from the one charged to have been stolen in No. 18,561.

The law and the evidence being in favor of defendant, the judgment and sentence are avoided, annulled, and reversed, and the defendant is discharged without day.

(54 South. 299.)

No. 18,573.

STATE v. GUILLORY.

(Jan. 30, 1911.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Ulysse Guillory was convicted of larceny, and he appeals. Reversed.

M. H. Thompson, for appellant. Walter Guion, Atty. Gen., R. Lee Garland, Dist. Atty., and R. G. Pleasant, Asst. Atty. Gen., for the State.

BREAUX, C. J. The defendant was charged with the larceny of a cow on July 2, 1910, of the value of $20.

He was indicted, tried, and found guilty.

The facts of the case and the law applying are similar to those in case No. 18,561, decision handed down this day (ante, p. 951, 54 South. 297).

The law and the evidence being in favor of defendant, the judgment and sentence are avoided, annulled, and reversed, and the defendant is discharged without day.

(54 South. 299.)

No. 18,565.

BOARD OF SCHOOL DIRECTORS OF MADISON PARISH v. COLTHARP et al.

(Jan. 30, 1911.)

*(Syllabus by the Court.)*

STATUTES (§ 80*)—SPECIAL LAWS—CREATION OF "CORPORATION."

Act No. 260 of 1910, creating a school board for ward 4, including the town of Tallulah, parish of Madison, violates article 48 of the Constitution, prohibiting the creation of corporations by special legislation, and is therefore null and void.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 86–89; Dec. Dig. § 80.*

For other definitions, see Words and Phrases, vol. 2, pp. 1608–1621; vol. 8, pp. 7619, 7620.]

Appeal from Ninth Judicial District Court, Parish of Madison; F. X. Ransdell, Judge.

Action by the Board of School Directors of the Parish of Madison against M. H. Coltharp and others. Judgment for plaintiff, and defendants appeal. Affirmed.

A. L. Slack and E. C. Montgomery, for appellants. Snyder & Gilfoil, for appellee.

LAND, J. The plaintiff brought suit against the defendants, members of the School Board for Ward 4, Parish of Madison, to have decreed unconstitutional Act No. 260 of 1910, p. 443, creating a separate school board for said ward, including the village of Tallulah. On this issue there was judgment in favor of the plaintiff, and the defendants have appealed.

The contention of the plaintiff is that said

act of 1910 violates the provisions of article 48 of the Constitution of 1898, in that said act is a local and special law seeking to create a corporation. Said article reads in part as follows:

"The General Assembly shall not pass any local or special law on the following specified subjects: * * *
"Creating corporations or amending; renewing or explaining the charter thereof; provided that this shall not apply to municipal corporations having a population of not less than twenty-five hundred inhabitants or to the organization of levee districts and parishes. * * *
"Regulating the management of public schools, the building or repairing of schoolhouses, and the raising of money for such purposes."

Prior to the adoption of the Constitution of 1898, parish boards of public education were constituted "bodies corporate" (Act No. 81 of 1888), and have been recognized as such in subsequent legislation (Act No. 214 of 1902).

Article 250 of the Constitution of 1898 declares that:

"The General Assembly shall provide for the creation of a state board and parish boards of public education."

The Legislature in Act No. 214 of 1902 provided for the appointment of a board of school directors in each parish of the state, the parish of Orleans excepted, constituted such boards "bodies corporate," and made it their duty to divide the parish into school districts.

Hence there is no doubt that parish boards of public education, being corporations, come within the purview of article 48 of the Constitution of 1898. The term "municipal corporations" in the same article is limited by the context to cities, towns, and villages.

By Act No. 136 of 1898, the Legislature provided for the creation and government of municipal corporations, dividing them into three classes, to wit, cities, towns, and villages.

Act No. 260 of 1910 does not pretend to create a municipal corporation, but merely a school board for public education in ward 4, including the village of Tallulah.

Hence the argument that said act created a municipal corporation with more than 2,500 inhabitants is without merit.

In the case of State v. Flower et al., 49 La. Ann. 1199, 22 South. 623, the court held that Act No. 114 of 1896, creating a drainage commission for the city of New Orleans, was not violative of article 48 of the Constitution. Two reasons were given: First, that the article was not intended to strip the Legislature of the police power; and, second, that the city of New Orleans was excluded by the proviso of the article. The latter reason is conclusive. In State ex rel. Fortier v. Capdevielle et al., 104 La. 561, 29 South. 215, it was held that article 48 of the Constitution of 1898 does not affect the legislative power over cities and towns having a population of 2,500 and over. As to political corporations, the only exception in article 48 is "the organization of levee districts and parishes." In a subsequent article it was specially provided:

"That nothing herein contained shall prevent drainage districts from being established under the provisions of existing laws." Article 281.

Article 48 not only forbids the creation by special legislation of school boards and other like bodies corporate, but also inhibits such legislation "regulating the management of public schools, the building or repairing of schoolhouses, and the raising of money for such purposes."

The intent of the framers of the Constitution was to create a uniform system of public education throughout the state under the supervision of a state board and a board for each parish. The creation of school boards for wards was not contemplated. Whether a school board may be created by special legislation for a town or city having a population exceeding 2,500 inhabitants is a question not before the court.

Judgment affirmed.